### E. I. DU PONT DE NEMOURS & COMPANY

v.

### PHILLIPS PETROLEUM COMPANY and Phillips Chemical Company.

Civ. A. No. 2006.

United States District Court
D. Delaware.

Nov. 30, 1959.

See 24 F.R.D. 416.

William S. Megonigal, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., W. Philip Churchill, of Fish, Richardson & Neave, New York City, Edward B. Beale, of Washington, D. C., for plaintiff.

Thomas Cooch, of Connolly, Cooch & Bove, Wilmington, Del., Thorley von Holst, Sidney Neuman, and Donald A. Peterson, of Olson, Mecklenburger, von Holst, Pendleton & Neuman, of Chicago, Ill., for defendants.

KIRKPATRICK, District Judge.

The defendants seek to obtain the documents relating to the test results on products made in accordance with the Larchar-Pease patent, which tests were made later than the cut-off date contained in Paragraph 1 of the motion to produce. The Court was unaware that there was any controversy on this point since only Subparagraph 1(n) of the defendants' Rule 34 motion was argued to the Court. In my discussion of that paragraph, and particularly of the "work product" objection, I pointed out that I did not think that this cut-off date was a valid one and that information obtained thereafter should be produced. The limitation placed on Paragraph 15 at the request of the plaintiff was not intended to be narrower than the agreed to order on Paragraph 1 where it did agree to produce the same type of information as that which the defendants now seek. Paragraph (J), Subparagraph (a), will be modified so as to order the production of documents relating to tests of products made by the process described in the Larchar-Pease patent.

The request to modify Subparagraph (b) of Paragraph (J) will be denied for reasons stated in my opinion of September 14, 1959, D.C., 24 F.R.D. 416, which I deem sufficient.